**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tessy Kaufmann Slater, | No. CV-25-04966-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Zocdoc, Inc., | |
| Defendant. | |

Plaintiff Tessy Kaufmann Slater asserts Federal Medical Leave Act ("FMLA") and related claims against Defendant Zocdoc, Inc. Doc. 1-1 at 11-14. Defendant moves to compel arbitration. Doc. 4. The motion is fully briefed and oral argument has not been requested. For reasons stated below, the Court will grant the motion.

**I.    Background.**

Plaintiff worked for Defendant as an integration analyst. Doc. 1-1 at 7. She took FMLA leave from December 25, 2024 through January 5, 2025. *Id.* at 8-9. Following her return from leave, Plaintiff received a "partially meets expectations" review despite years of meeting or exceeding expectations. *Id.* at 9. The review resulted in Plaintiff losing her 2025 bonuses. *Id.* at 10. Plaintiff's employment was terminated in July 2025. *Id.*

Plaintiff brought this action in state court. *Id.* at 6. Defendant removed the case based on federal question jurisdiction. Doc. 1 at 3. Defendant moves to compel arbitration

1

pursuant to the parties' arbitration agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.  Doc. 4 at 3-8.  Plaintiff contends that the arbitration agreement is unconscionable.  Doc. 5 at 3.[1]

**II.     Arbitration Required Under the FAA.**

The "overarching purpose" of the FAA "is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).  The FAA "provides that arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1092 (9th Cir. 2009) (quoting 9 U.S.C. § 2).  Agreements to arbitrate may "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability[.]'"  *AT&T Mobility*, 563 U.S. at 339 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996)).

"The FAA 'requires the court to enforce the arbitration agreement in accordance with its terms' and limits the court's role to deciding whether: (1) 'a valid agreement to arbitrate exists' between the parties and (2) the scope of the agreement encompasses the claims." *Fli-Lo Falcon*, 97 F.4th at 1194 (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).  "The presence of a delegation clause further limits the issues that a court may decide." *Id.* (quoting *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022)).  A valid "delegation clause commits to the arbitrator nearly all challenges to an arbitration provision," including the threshold inquiries of whether the agreement covers a particular controversy and whether the arbitration provision is enforceable at all. *Id.*  "When the parties have 'clearly and unmistakably' delegated questions regarding arbitrability to the arbitrator, the court need not conduct further inquiries beyond the existence of the arbitration agreement." *Id.* (citing

---

[1] The parties do not dispute that the FAA applies to their arbitration agreement. *See Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1193 (9th Cir. 2024) ("The FAA governs arbitration agreements in 'contracts evidencing a transaction involving commerce.'" (citing 9 U.S.C. § 2)).

*Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-70 (2010); *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015)); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract . . . [and] decide the arbitrability issue.").

**III.    Discussion.**

The parties' employment contract contains the following Arbitration Agreement:

> 9.    **Arbitration.** Any controversy or claim arising out of this agreement and any and all claims relating to your employment with Zocdoc will be settled by final and binding arbitration.  The arbitration will take place in New York, New York or, at your option, the County in which you primarily worked when the arbitrable dispute or claim first arose.   The arbitration will be administered by the American Arbitration Association ("AAA") under its National Rules for the Resolution of Employment Disputes.  . . .

Doc. 4-3 at 3.[2]

Defendant argues that there is a clear and unmistakable delegation of arbitrability because the Arbitration Agreement explicitly incorporates the rules of the AAA.  Doc. 4 at 4-5.  Rule 7(a) of the AAA rules for employment disputes provides that "[t]he arbitrator shall have the power to rule on their own jurisdiction, including any objections with respect to existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim."  Doc. 4-4 at 11.[3]   The Ninth Circuit has held that an arbitration agreement's incorporation of the AAA rules "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130.[4]

---

[2] The Agreement states that it does not apply to workers' compensation and unemployment benefits or claims arising out of intellectual property issues, which are not relevant here.  *See id.*

[3] *See also* AAA Employment Arbitration Rules, Forms & Fee Schedule, Am. Arb. Ass'n, https://adr.org/rules-forms-and-fees/employment/ (last visited June 19, 2026).

[4] *Brennan* made clear that its holding "should not be interpreted to require that the contracting parties be sophisticated[.]"  *Id.*  The Ninth Circuit "has not yet decided whether *Brennan*'s holding should extend to arbitration clauses . . . between a sophisticated entity and an average unsophisticated consumer." *Patrick v. Running Warehouse, LLC*, 93 F.4th

3

Plaintiff does not dispute that her claims against Defendant fall within the scope of the Arbitration Agreement. Nor does she dispute that the Agreement delegates issues of arbitrability to the arbitrator. More specifically, Plaintiff does not challenge the Agreement's delegation provision (i.e., incorporation of the AAA rules).

"[T]o sufficiently challenge a delegation provision, the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it[.]" *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023). Plaintiff has not done so. Instead, Plaintiff argues that various other provisions, when read together, make the Agreement unconscionable as a whole. Doc. 5 at 3; *see also id.* at 1 (arguing that the "agreement is so one-sided that it oppresses an innocent party"); *id.* at 6 (the "agreement requires the Plaintiff to pay all of the arbitration fees"); *id.* at 7 (the "agreement states that only 'reasonable discovery' is allowed" and "limits" arbitration to actions brought by Plaintiff).

In *Rent-A-Center*, the Supreme Court "held that a challenge to the validity of an entire arbitration agreement – there, an unconscionability challenge – must be decided by the arbitrator if the agreement includes a delegation clause that is not directly challenged. The Court emphasized that a party must 'challenge the delegation provision specifically' for a court to intervene." *Caremark*, 43 F.4th at 1029 (quoting *Rent-A-Ctr.*, 561 U.S. at 71-72).

Because Plaintiff does not "challenge[] the delegation provision specifically, [the Court] must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Rent-*

---

468, 481 (9th Cir. 2024). The Court need not address this issue because Plaintiff presents no argument or evidence that she is an unsophisticated party. *See id.* ("Plaintiffs offered no evidence concerning their sophistication or lack thereof to the district court. Accordingly, we need not decide the issue in order to resolve this case."); *Connell v. ByteDance, Inc.*, No. 24-CV-07859-NC, 2025 WL 1828472, at *8 (N.D. Cal. July 1, 2025) (declining to address the issue because there was "no evidence before the Court concerning Plaintiffs' levels of sophistication"); *In re BAM Trading Servs. Inc. Sec. Litig.*, 733 F. Supp. 3d 854, 864 (N.D. Cal. 2024) ("[A]s the Ninth Circuit recently clarified in *Fli-Lo Falcon*, . . . Plaintiff must identify evidence that creates a dispute of fact as to sophistication, and Plaintiff has not done so here.").

4

*A-Ctr.*, 561 U.S. at 72; *see also Brennan*, 796 F.3d at 1133 ("[S]ince Brennan failed to make any arguments specific to the delegation provision, and instead argued that the Arbitration Clause as a whole is unconscionable under state law, we need not consider that claim, because it is for the arbitrator to decide." (citation modified)); *Tempe Hosp. Ventures, LLC v. Highgate Hotels, L.P.*, No. CV-22-00647-PHX-SPL, 2022 WL 3098995, at *3 (D. Ariz. Aug. 4, 2022) ("Plaintiff's substantive unconscionability challenges are not specific to the delegation of arbitration. . . . For that reason, the arbitrator, not this Court, must decide Plaintiff's unconscionability challenge[.]"); *Drake v. Conn's HomePlus*, No. CV-18-02773-PHX-DLR, 2019 WL 2568841, at *2 (D. Ariz. June 21, 2019) ("Drake contends that the entire [arbitration agreement] is procedurally unconscionable . . . [and] asserts that select provisions are substantively unconscionable. Neither contention specifically challenges the delegation provision as unconscionable. Therefore, the Court must treat the delegation provision as valid and leave any challenge to the whole agreement to the arbitrator[.]").[5]

The Court will grant Defendant's motion to compel arbitration and stay this case. Doc. 4; *see Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

**IT IS ORDERED:**

1.   Defendant's motion to compel arbitration and stay proceedings (Doc. 4) is **granted**.

2.   This case is stayed, and the parties promptly shall initiate arbitration. The parties shall file a status report within 30 days of this order and a status report every 120

---

[5] Plaintiff's motion briefly implies that the arbitration agreement was never validly entered. *See* Doc. 5 at 2 (no evidence the contract was ever finalized). But Plaintiff does not develop this argument and never specifically asserts that there is no arbitration agreement. Instead, all her arguments focus on the alleged unconscionability of the agreement, an issue that has been delegated to the arbitrator.

days thereafter describing the status of the arbitration.  The parties promptly shall notify the Court of any arbitration decision or settlement.

Dated this 2nd day of July, 2026.

David G. Campbell
Senior United States District Judge